B. LOWENSTEIN & BROS. *v.* EDWARD AARON.

1. ATTACHMENT. *Act of 1884. Plea by intervening creditor. Collusion.*

A creditor of a defendant in attachment, who has availed of the act of March 11, 1884 (Laws, p. 76), to intervene and contest the grounds of attachment, may, under his plea in abatement, defeat the attachment by showing that the plaintiff and defendant fraudulently colluded to prepare and create grounds for the attachment.

2. SAME. *Act of 1884. Fictitious suit. Procedure.*

But under such plea in abatement, the intervenor cannot show that the debt of the plaintiff is fictitious. If the intervenor wishes to contest the genuineness of the debt, he must put the same in issue by filing the affidavit provided for by ? 4 of said act.

3. ATTACHMENT. *Fraud of debtor. Evidence of commercial rating.*

On the trial of the attachment issue, the plaintiff's affidavit having alleged fraudulent conduct of the debtor, evidence of the latter's rating or want of rating by commercial agencies, unconnected with any conduct of the debtor on which it was based, was properly excluded as irrelevant.

FROM the circuit court of Wilkinson county.
HON. W. P. CASSEDY, Judge.

By § 2 of "An act relating to damages in attachment cases," approved March 11, 1884 (Laws, p. 76), it is provided that any creditor of a defendant in attachment shall have the

right to intervene and contest the grounds alleged for suing out the same, by plea in abatement, upon making and filing an affidavit setting forth that he is a creditor of the defendant, and that he believes the alleged grounds of attachment to be untrue; and in such case the issue to be tried shall be the truth of the grounds of the attachment. By § 4 of said act, it is provided that if any person shall present to the court in which an attachment suit is pending, an affidavit setting forth that he is a creditor of the defendant, and has just cause to suspect, and does believe, that the debt claimed in the suit is fictitious or simulated, in whole or in part, he shall be admitted to defend the suit in the name of the defendant, upon giving bond, etc.

This was an attachment by Edward Aaron against Ralph Gunst for about $13,000. The affidavit for attachment alleged that the defendant was about to remove his property out of the state; that he had property which he concealed, and unjustly refused to apply to the payment of his debts; that he had assigned, or was about to assign, his property or rights in action, or some parts thereof, with the intent to defraud his creditors; and that he had converted, or was about to convert, his property into money or evidences of debt, with the intent to place it beyond the reach of creditors. The defendant failed to appear or plead to the attachment, and on the third day of the return-term of court, B. Lowenstein & Bros., who had subsequently sued out an attachment against Gunst upon the same grounds, made the affidavit provided by section two of the aforesaid statute, and were permitted by the court to contest the rightfulness of suing out of the prior attachment by Edward Aaron. The plaintiff moved the court to strike out the plea filed by the intervenors, because, their affidavit for attachment having been sued out upon the same grounds alleged in the affidavit of the plaintiff, they were estopped to deny the truth of plaintiff's affidavit. This motion was overruled. The cause proceeded to trial upon the issue made by the plea in abatement, and much

evidence was introduced, the purpose of which, on the part of the intervenors, being .to show a fraudulent collusion between Edward Aaron, the plaintiff, and Gunst, the defendant. It is not deemed necessary to set out the evidence or the arguments touching its bearing and effect.

` Among other things, the intervenors offered to show by one Elder, who was connected with several commercial agencies, that Gunst, the debtor, had been rated by such agencies as insolvent for some time before the attachment was sued out. The purpose of this evidence, presumably, was to show that Aaron had made large advances and extended credit to Gunst after knowledge of his insolvency, and with a view .of furthering their alleged collusive scheme of securing an unfair advantage to Aaron over other creditors. This evidence, upon motion of plaintiff, was excluded.

The court refused instructions, asked by the intervenors, that the jury should find against plaintiff, if it believed the attachment was sued out as the result of fraud and collusion between the plaintiff and the defendant, and gave a peremptory instruction to find for the plaintiff. Verdict and judgment accordingly, and B. Lowenstein & Bros., the intervenors, appeal.

*T. V. Noland* and *J. H. Jones*, for appellant,

Filed a brief, discussing at length the evidence, and, as to the questions passed upon by the court, making the following points:

The question presented in this case is, whether creditors, who are permitted to intervene under the act of 1884, may show fraud and collusion between plaintiff and defendant, and thus defeat the collusive attachment. This court has already held that this statute must be liberally construed. *Paine* v. *Holliday*, 68 Miss., 298. To hold, as did the court below, that the intervenors must stand in the shoes of the defendant, and are confined to such defenses as he could make, will make the statute practically nugatory. Its very

purpose was to permit a creditor to show fraud and collusion on the part of an attaching creditor.  The defendant cannot set up his own fraud, and, therefore, the statute permits a creditor to do so.

In *Paine* v. *Holliday*, this court states that the statute was designed " to prevent collusion between debtor and creditor." Surely, then, the question of collusion may be inquired into. See also 1 Wade on Attachments, §§ 220, 221; 8 Pick., 164.

*D. C. Bramlett* and *A. G. Shannon*, for appellee.

It was not competent for the intervenors, under their plea in abatement, to inquire into the collusiveness of the attachment.  The act of 1884 allows intervenors to introduce evidence upon the defendant's plea, or to plead in abatement themselves.  The only issue, in such case, is the existence of facts sustaining the attachment.  The intervenors are limited to the same defense that the defendant might introduce.  If collusion existed, it would have to be based on the fact that the defendant did not owe plaintiff, and that question could only be tried upon the issue made up as required by § 4 of said act.  The evidence wholly failed to show any collusion, but shows conclusively that the attachment was rightfully sued out.

Argued orally by *T. M. Miller*, for appellee.

WOODS, J., delivered the opinion of the court.

The plea in abatement of the intervenors, filed under the second section of chapter 64, acts of 1884, opened the door to this inquiry, viz.: was the attachment sued out against the estate of the attached debtor by the attaching creditor collusive and fraudulent?  While the issue which the plea in abatement tenders is, in its general aspect, the existence or non-existence of the grounds of attachment contained in the affidavit of the original attaching creditor, yet, to confine the investigation with rigid inflexibility to the very letter of

the inquiry, would, we think, defeat, in large measure, the beneficent purpose of the statute. The alleged grounds of the original attachment may be true as to the subsequently attaching creditors, true generally, but not true in any proper sense as to the original attacher who bases his right to an attachment upon such alleged grounds. If the alleged grounds of attachment were collusively and fraudulently prepared and created by the original attacher and the attached debtor, it should not be held, on such fraud and collusion being shown, that the attachment was rightfully sued out as to such collusive and fraudulent attacher. In other words, the alleged grounds of attachment, when prepared and created by fraudulent collusion between the attacher and the attached, however real the acts constituting the alleged grounds of attachment may appear to be, are to be held as no grounds for the attachment in that case, though they may be so held rightfully as to subsequent attachers in good faith. The original attacher cannot, by fraudulent collusion with the debtor, manufacture grounds for attachment, and then avail himself of them to defeat junior attachers who take out writs, in good faith, predicated upon the very grounds alleged in the senior attachment.

The fourth section of this statute provides for an examination by a law court into the character of the debt claimed to be due in the attachment suit of the senior attacher. If the debt is fictitious or simulated, in whole or in part, the junior attacher, in addition to the ground of contest with the senior attacher given in section two, may, if he so elect, test the genuineness of the debt so attached for in that trial, and without waiting to proceed in a court of equity. In the case before us, no such issue was made by the intervenors, and, therefore, with the validity of the debt of the senior attacher, in whole or in part, the court below was not concerned, nor do we feel authorized to express any opinion on this point in the present proceeding.

There was no error in the exclusion of the proffered evi-

dence of the witness, Elder, as to his connection with certain commercial agencies, and the rating, or want of rating, of the attached debtor by such commercial agencies. Such evidence, standing alone and dissociated from all facts on which such rating, or want of rating, was based, would be wholly inconclusive, and might prove very misleading to a jury.

Entertaining the opinion herein announced as to the scope of inquiry allowable to the intervenors, under their plea in abatement to the attachment under the second section of the statute—an opinion in harmony with the view contended for by counsel for the intervenors—still, we are unable to reverse the judgment of the court below, because of its refusal to charge the jury as prayed by the intervenors, or because of the peremptory instruction given for the plaintiff. While some of the evidence creates presumptions unfavorable to plaintiff, we do not feel warranted in saying that they rise higher than the region of mere suspicion; and, as no mere suspicions touching the collusive and fraudulent conduct of the plaintiff and defendant in the attachment, however strong they may have been, would have upheld a verdict for the intervenors, the court's action in instructing for plaintiff peremptorily was not error.

As we have already remarked, whether plaintiff's debt was fictitious and simulated, in whole or in part, is not involved in the present inquiry.

*Affirmed.*